T.C. Memo. 1996-481


UNITED STATES TAX COURT


ARVID E. JACKSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3682-95.                    Filed October 24, 1996.


<u>Theodore K. Jackson III</u>, for petitioner.

<u>Charles Pillitteri</u>, for respondent.


MEMORANDUM OPINION

SCOTT, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income taxes for the calendar years 1991 and
1992 in the amounts of $7,276.01 and $7,070.43, respectively.

All section references are to the Internal Revenue Code in
effect for the years in issue, and all Rule references are to the

Tax Court Rules of Practice and Procedure, unless otherwise indicated.

The issue for decision is whether petitioner is entitled to amortize a life interest in a trust established for her benefit incident to a divorce.

All of the facts have been stipulated and are found accordingly.

Petitioner's legal residence was in Mobile, Alabama, at the time of the filing of her petition in this case. She timely filed her Federal income tax returns for the taxable years 1991 and 1992.

Petitioner and Mr. T. K. Jackson III (Mr. Jackson) were divorced on December 5, 1990. On December 4, 1990, 1 day before the entry of the divorce decree, Mr. Jackson, as settlor and the trustee of the AEJ Life Trust (the trust), executed an irrevocable trust agreement. Approximately 1 month after the date of the divorce, Mr. Jackson funded the trust with various securities which had both a cost basis and fair market value of $598,720.80. The trustees of the trust are petitioner, Mr. Jackson, Laura H. Jackson, and Ted K. Jackson IV.

The trust agreement, which was incorporated into the judgment of divorce, provided that petitioner was to receive all the income of the trust in monthly installments of $3,000 during her lifetime, if sufficient trust income existed, and any income in excess of $3,000 per month, semiannually. Upon petitioner's death, the entire remaining principal of the trust was to be paid

over and distributed in equal shares to the children of Mr. Jackson. Mr. Jackson's children are: Laura H. Jackson (Laura), Ted K. Jackson IV (Ted), and Caroline A. Jackson (Caroline). Laura and Ted are the children of Mr. Jackson and petitioner. Caroline is the daughter of Mr. Jackson, but she is not the daughter of petitioner.

On her Federal income tax return for each of the taxable years 1991 and 1992, petitioner claimed $23,664.74 as a deduction for amortization of her life interest in the trust. She calculated this amount by subtracting from the basis of the trust the fair market value of the remainder interest in the trust, $60,584.56, to arrive at the value of her life interest in the trust, $538,136.24, and dividing the value of her life interest by her life expectancy, which she incorrectly determined to be 22.74 years. Petitioner's correct life expectancy at the time the trust was established was 33.9 years, which would result in a yearly amortization amount of $15,874.

In the notice of deficiency, respondent disallowed the amortization deductions claimed by petitioner for 1991 and 1992, stating that the life interest petitioner received was a property settlement and, therefore, not amortizable. Petitioner contends that she received the life interest in exchange for her marital rights and, therefore, it is amortizable.

Generally, a taxpayer may amortize his cost basis in a purchased life interest over his life expectancy. See Gist v.

<u>United States</u>, 423 F.2d 1118, 1120 (9th Cir. 1970); <u>Gordon v.</u>
<u>Commissioner</u>, 85 T.C. 309, 322-323 (1985); <u>Early v. Commissioner</u>,
52 T.C. 560, 566 (1969) (noting that section 167(a)(2)[1] provides
the authority for such a deduction), revd. on another issue 445
F.2d 166, 169 (5th Cir. 1971).  However, section 273[2] disallows
deductions for amortization of a life interest acquired by gift,
bequest, or inheritance.

---

[1]   SEC. 167.  DEPRECIATION.

(a) General Rule.--There shall be allowed as a
depreciation reduction a reasonable allowance for the
exhaustion, wear and tear (including a reasonable allowance
for obsolescence)--

*     *     *     *     *     *     *

(2) of property held for the production of
income.

[2]   SEC. 273.  HOLDERS OF LIFE OR TERMINABLE INTEREST.

Amounts paid under the laws of a State, the
District of Columbia, a possession of the United
States, or a foreign country as income to the holder of
a life or terminable interest acquired by gift,
bequest, or inheritance shall not be reduced or
diminished by any deduction for shrinkage (by whatever
name called) in the value of such interest due to the
lapse of time.

Section 1041[3] provides that for purposes of the income tax provisions of the Code, property transferred by an individual to or in trust for the benefit of a spouse or former spouse incident to divorce is treated as acquired by the transferee by gift. Sec. 1041(b)(1).

Section 1041(c)(1) provides that a transfer of property between former spouses is incident to divorce when the transfer occurs not more than 1 year after the date on which the marriage ceases. Because petitioner acquired her life interest in the

---

[3]    SEC. 1041.   TRANSFERS OF PROPERTY BETWEEN SPOUSES OR INCIDENT TO DIVORCE.

        (a) General Rule.--No gain or loss shall be recognized on a transfer of property from an individual to (or in trust for the benefit of)--

                (1) a spouse, or

                (2) a former spouse, but only if the transfer is incident to divorce.

        (b) Transfer Treated As Gift; Transferee Has Transferor's Basis.--In the case of any transfer of property  described in subsection (a)--

                (1) for purposes of this subtitle, the property shall be treated as acquired by the transferee by gift, and

                (2) the basis of the transferee in the property shall be the adjusted basis of the transferor.

        (c) Incident To Divorce.--For purposes of subsection (a)(2), a transfer of property is incident to the divorce if such transfer--

                (1) occurs within 1 year after the date on which the marriage ceases, * * *

trust in accordance with the provisions of the judgment of divorce, and also in accordance with that judgment approximately 1 month thereafter the trust was funded by the transfer of assets from Mr. Jackson for the benefit of petitioner, petitioner's interest in the trust was a transfer of property to a former spouse incident to divorce.

Respondent contends that because petitioner acquired her life interest in the trust from Mr. Jackson incident to divorce, section 1041 requires that petitioner's life interest in the trust be treated as if she acquired it by gift. Respondent argues that section 273 applies to disallow the deductions taken by petitioner in 1991 and 1992 for amortization of her life interest in the trust.

Petitioner argues that she acquired her life interest in the trust by purchase and not by gift since she relinquished her marital rights in exchange for her life interest in the trust. She therefore contends that section 273 does not prohibit her deduction of amortization of her life interest in the trust. Petitioner states that under Alabama law the life interest in the trust was transferred to her for valuable consideration, the relinquishment of her marital rights.

In <u>United States v. Davis</u>, 370 U.S. 65 (1962), the Court held that the transferor spouse recognized gain when he transferred appreciated property to his spouse in exchange for her marital rights, and the transferee spouse took a fair-market-

value basis in the transferred property.  This holding would support petitioner's position based on Alabama law.

Section 1041 was enacted specifically to change the law as announced in the <u>Davis</u> case for Federal income tax purposes.  H. Rept. 98-432 (Vol. II), at 1491 (1984).  H. Rept. 98-432 (Vol. II), <u>supra</u> at 1492, states that "Thus, uniform Federal income tax consequences will apply to these transfers notwithstanding that the property may be subject to differing state property laws."

Under section 1041(b)(1), it is clear that petitioner is to be treated for Federal income tax purposes as acquiring her life interest in the trust by gift.  Under section 273, an amortization deduction of a life interest acquired by gift, bequest, or inheritance is not allowed as a reduction of income from the trust.  Therefore, we hold that petitioner is not entitled to any amortization deduction for the value of her life interest in the trust for either of the calendar years 1991 and 1992.  See Staff of Joint Comm. on Taxation, General Explanation of the Revenue Provisions of the Deficit Reduction Act of 1984, at 711 (J. Comm. Print 1984).

In the alternative, respondent contends under section 167(e) that the amortization deductions claimed by petitioner would be disallowed in full, even if section 273 were inapplicable to the circumstances here.[4]

---

[4]  Sec. 167(e) does not apply to any term interest to which sec. 273 applies.  Sec. 167(e)(2).  Thus, because we hold that
(continued...)

Section 167(e)[5] provides that no amortization deduction shall be allowed under any income tax provision for any term interest in property for any period during which the remainder interest in such property is held by a related person. The remainder interests in the trust are held by Laura, Ted, and Caroline. Laura and Ted are the daughter and son of petitioner. Caroline is Mr. Jackson's daughter, but she is not petitioner's daughter.

---

[4](...continued)
sec. 273 applies to disallow the amortization deductions claimed by petitioner for her life interest in the trust, sec. 167(e) does not apply to petitioner.

[5]    SEC. 167(e).  Certain Term Interests Not Depreciable.--
        (1) In general.--No depreciation deduction shall be allowed under this section (and no depreciation or amortization deduction shall be allowed under any other provision of this subtitle) to the taxpayer for any term interest in property for any period during which the remainder interest in such property is held (directly or indirectly) by a related person.

        (2) Coordination with section 273.--This subsection shall not apply to any term interest to which section 273 applies.

                *    *    *    *    *    *    *

        (5) Definitions.--For purposes of this subsection--

                (A) Term interest in property.--The term "term interest in property" has the meaning given such term by section 1001(e)(2).

                (B) Related person.--The term "related person" means any person bearing a relationship to the taxpayer described in subsection (b) or (e) of section 267.

Section 167(e)(5)(A) refers to section 1001(e)(2)[6] for the definition of "term interest in property", and section 167(e)(5)(B) refers to section 267(b)[7] for the definition of a "related person".

---

[6]    Sec. 1001(e)(2) provides:

Term interest in property defined.--For purposes of paragraph (1), the term "term interest in property" means--

>    (A) a life interest in property,

>    (B) an interest in property for a term of years, or

>    (C) an income interest in a trust.

[7]    Sec. 267 provides in part--

>    (b)  Relationships.--The persons referred to in subsection (a) are:

>>    (1) Members of a family, as defined in subsection (c)(4);

        *    *    *    *    *    *    *

>>    (6) A fiduciary of a trust and a beneficiary of such trust;

        *    *    *    *    *    *    *

>    (c)  Constructive Ownership of Stock.--

        *    *    *    *    *    *    *

>>    (4) The family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants * * *

Section 1001(e)(2)(A) provides that a "term interest in property" includes a life interest in property. Because petitioner has a life interest in the trust, she has a "term interest in property".

Section 267(b)(1) provides that a "related person" includes members of an individual's family. Section 267(c)(4) provides that the family of an individual includes his lineal descendants. Because Laura and Ted are lineal descendants of petitioner, they are "related persons" with respect to petitioner for purposes of section 167(e).

Section 267(b)(6) provides that "related persons" include a fiduciary of a trust and a beneficiary of such trust. Section 7701(a)(6) provides that a trustee is a fiduciary. As a trustee of the trust, petitioner is a fiduciary of the trust. As the holder of a remainder interest in the trust, Caroline is a beneficiary of the trust. Because petitioner is a fiduciary of the trust and Caroline is a beneficiary of the trust, they are "related persons" for purposes of section 167(e).

Because petitioner holds a term interest in the trust and all of the remainder interests in the trust are held by related persons, it is clear that section 167(e) applies to disallow the amortization deductions claimed by petitioner if section 273 is not applicable to the facts here present.

Since we have held that section 273 is applicable to the facts here, we will not discuss section 167(e) other than in the

summary fashion set forth above.  In our view, if section 273 were not applicable to the facts here present, under section 167(e) petitioner would not be entitled to any amortization deduction with respect to her life interest in the trust.

<u>Decision will be entered</u>

<u>for respondent</u>.